**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

AUG ~ 1 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |  |
|---|---|---|
| ORMA BUIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   13- 1181 |
| | ) | |
| JACQUELINE A. BERRIEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a former employee of the Equal Opportunity Employment Commission ("EEOC"), brings this action under the Americans with Disabilities Act, *see* 42 U.S.C. §12101 *et seq.*, against the EEOC's Chair and five of its employees. *See* Compl. at 1-2 (page numbers designated by the Court). She alleges that the defendants failed to accommodate her disability and ultimately forced her to retire. *See id.* at 3, 5. Among other relief, the plaintiff demands back pay. *Id.* at 5.

The ADA does not apply to the United States or its agencies. *See* 42 U.S.C. § 12111(5)(B)(i). The plaintiff's claims against the ADA, or alternatively, against the named defendants in their official capacities, therefore must be dismissed. *See Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. 2010) (finding that "no claim against the [United States Postal Service] is permitted under the ADA because it "excludes the entire federal government from coverage under the ADA"); *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee,

*N*

*3*

[plaintiff] has no remedy for employment discrimination under the ADA."); *Fox v. United States*, No. 3:10-cv-126, 2012 WL 2685067, at *1 (S.D. Miss. July 6, 2012) ("[T]o the extent [plaintiff] alleges claims against the United States under the ADA, those claims are dismissed for lack of subject-matter jurisdiction."). Nor can the plaintiff maintain her claims against the named defendants in their individual capacities. *See, e.g., Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011) ("[W]e conclude that Title I of the ADA does not provide for liability against individuals who are not themselves employers."); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) ("[I]ndividuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA."); *Brown v. Cantrell*, No. 11-cv-200, 2012 WL 4050300, at *1 (D. Colo. Sept. 14, 2012) (dismissing ADA claims brought against federal government employees in their official capacities).

Plaintiff is not entirely without a remedy. "Congress incorporated the ADA's anti-discrimination and anti-retaliation provisions into the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*," and "[b]ecause the Rehabilitation Act incorporates the ADA, it is "the exclusive remedy for employment discrimination based on a disability for federal employees." *Bonnette v. Shinseki*, 907 F. Supp. 2d 54, 59 (D.D.C. 2012) (citations omitted). The Court will defer consideration of plaintiff's application to proceed *in forma pauperis* and afford her an opportunity to file an amended complaint.

Accordingly, it is hereby

ORDERED that, within 30 days of entry of this Order, plaintiff shall file an Amended Complaint.  Failure to comply with this Order may result in dismissal of this action.

SO ORDERED.

_____
United States District Judge

DATE: 7/29/13