## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ORMA BUIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1181 (ABJ) |
| | ) | |
| VICTORIA A. LIPNIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **FINAL JURY INSTRUCTIONS**

**FILED**

MAR 2 2 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## INTRODUCTION

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. We have come to that part of the trial where I will give you those instructions.  I am providing you with copies of your own in the event you find it helpful to read along, but whether you choose to do so is entirely up to you.  You will have copies of the instructions available to you in the jury room, and you may refer to them at that time.  It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor for either party.

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his evidence is entitled to greater weight than the defendant's evidence. The plaintiff must prove every element of his or her claim against a defendant by a preponderance of the evidence before he is entitled to prevail.

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when you are convinced that your opinion is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

During the course of the trial, I may have asked questions of a witness to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what the answer might have been had I allowed the question to be answered or why I did not allow a witness to answer a question. Similarly, when I told you to disregard a particular answer – when I ordered it stricken – you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice for or against either side. It is a violation of your sworn duty to base your verdict on anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons, including government agencies, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a party is a government agency must not affect your decision.

## EVIDENCE IN THE CASE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel.

When you are considering the evidence, however, you are not limited solely to the statements of the witnesses and exhibits. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. An inference is a deduction or conclusion which reason and common sense lead you to make from facts which have been proved.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact is true on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from the facts. Ms. Buie may ask you to draw one set of inferences, while the EEOC may ask you to draw another. It is for you and you alone to decide what inferences to draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you are permitted to draw – but are not required to draw – from the facts which have been established by the evidence. In drawing inferences, you should exercise your common sense.

It is the duty of the lawyers to object when the other side offers testimony or other materials which a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Statements and arguments of the lawyers, such as their opening statements and the closing arguments you just heard, are not evidence. They are only intended to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial. Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his or her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so.  In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.  If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty, and it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party whether he produced it or his adversary produced it.

There are two types of evidence from which you may determine what the facts are in this case – direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

**Plaintiff's Claim – Violation of the Rehabilitation Act**

I will now turn to the claim at issue in this trial.  In this case, Ms. Buie claims that the EEOC discriminated against her in violation of the Rehabilitation Act when it denied her request to telework one day out of her four-days per week, 10 hours per day, work schedule at the time she was employed as a Program Analyst in the D.C. office between January and August 2011.   The Rehabilitation Act is a law that prohibits discrimination against an employee because of the employee's disability.

In order for Ms. Buie to prevail on her claim, she must prove the following four elements by a preponderance of the evidence:

First: Plaintiff must prove that she had a disability.  A disability is a physical or mental impairment that substantially limits one or more major life activities. Defendant is not contesting  that Ms. Buie had a disability.

Second: Ms. Buie must prove that she was a qualified individual, meaning that she satisfies the requisite skill, experience, education and other job-related requirements of the job she held, and that, with or without reasonable accommodation, can perform the essential functions of the job. This element is also not in dispute.

Third: Ms. Buie must establish that the EEOC had notice of her disability.  This requires only that the employee indicate to her employer that she has a disability and desires an accommodation.   This element is not diputed by the defendant.

Fourth: Plaintiff must prove that the EEOC denied her request for a reasonable accommodation.

This is the element in dispute in this case, and it has two components: whether the plaintiff's request for an acommodation was "reasonable," and whether it was "denied." These will be questions for you to decide.

## Reasonable Accommodation

A "reasonable accommodation" is a modification or adjustment that enables an employee with a disability to perform the essential functions of the job she has, or that enables an employee with a disability to enjoy equal benefits and privileges of employment that are enjoyed by other similarly situated employees without disabilities.

A "reasonable accommodation" may include:

> (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and/or
>
> (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

Determining whether an accommodation is reasonable depends on the context and the facts specific to each case. A modified work schedule, such as working from home, can be a potential form of a reasonable accommodation, depending on the contours and demands of the employment position and the capacities of the particular

workplace.

Here the defendant maintains that the requested accommodation was not reasonable because it would not have been effective to enable the plaintiff to perform the essential functions of her job.

An accommodation would be unreasonable if you find that it would require an employer to accommodate a disabled person by eliminating one of the essential functions of the job, or reallocating essential functions which are, by definition, those that the individual who holds the job would have to perform to be considered qualified for the position.

What is an "essential function" of a job? The term essential function means the fundamental job duties of the position the employee holds. It does not include the marginal functions of the position. If a duty is only one of many an employee must perform, it may not be an essential function.

A job function may be considered to be essential for any of several reasons, including but not limited to:

> (i) the reason the position exists is to perform that function;
>
> (ii) The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or

(iii) The function may be highly specialized so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.

Facts that may bear on whether a particular function is essential include, but are not limited to:

(i)     The employer's judgment as to which functions are essential;

(ii)    Written job descriptions prepared before advertising or interviewing applicants for the job;

(iii)   The amount of time spent on the job performing the function;

(iv)    The consequences of not requiring the employee to perform the function;

(v)     The terms of a collective bargaining agreement;

(vi)    The work experience of past incumbents in the job; and/or

(vii)   The current work experience of incumbents in similar jobs.

You should consider all of the facts and circumstances in deciding whether Ms.

Buie's request was reasonable.

### Interactive Process – Denial of a Request

The law also recognizes that once an employer is aware of its responsibiity to provide a reasonable accommodation, it may be necessary for the employer to initiate an informal, interactive process with the employee in order to determine the appropriate reasonable accommodation.  To satisfy its duty to participate in an interactive process, the employer must make a reasonable, good faith effort to determine the accomodation.

This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.  It contemplates a flexible give and take between employer and employee so that together they can determine what accommodation would enable the employee to continue working.

Using a problem solving approach, the employer should analyze the particular job involved and determine its purpose and essential functions; consult with the employee to ascertain the precise job-related limitations imposed by the employee's disability and how those limitations could be overcome with a reasonable accommodation; identify potential accommodations and assess the effectiveness each would have in enabling the employee to perform the essential functions of the position; consider the preference of the employee to be accommodated; and select the

implement the accommodation that is most appropriate for both the employee and the employer.

An employer is not required to provide the employee the accommodation she requests or prefers; it need only provide some reasonable accommodation. And the fact that an employer may have offered certain accommodations to an employee in the past does not mean that they must necessarily be forever extended or that they are necessarily reasonable.

Few disabilities are amenable to one-size-fits-all accomodations. To meet its obligations under the Act, then, an employer needs information about the nature of the individual's disability and the desired accommodation – information typically possessed only by the individual or her physician. This means that before providing a reasonable accommodation, an employer may require that the individual with a disability provide documentation of the need for accommodation.

In a case such as this where the plaintiff made a request for an accommodation, the defendant must come forward with evidence to show that it participated in the interactive process. If the interactive process ended without the employer providing accommodations, you must determine which party was responsible for the breakdown of the process. You should consider whether one party or the other failed to participate in good faith, or whether one party failed to help the other determine what

specific accommodations were necessary, or withheld information that only that party could provide. A party that obstructs or delays the interactive process is acting in bad faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith.

In sum, to establish that the EEOC denied her request for a reasonable accommodation, Ms. Buie must show one of two things by a preponderance of the evidence: either that it was the EEOC that ended the interactive process, or that the EEOC participated in the process in bad faith.

## Damages

If you find that Ms. Buie has carried her burden of showing that it was more likely than not that the EEOC denied her request for a reasonable accommodation, you must then consider the issue of the damages she has sustained.

You must award Ms. Buie a sum of money which will fairly and reasonably compensate her for all the damage she experienced which was proximately caused by the defendant. In other words, the defendant is liable only for the damages that resulted from its conduct, and plaintiff bears the burden to establish that defendant's conduct caused any losses by a preponderance of the evidence.

An act, or failure to act, causes harm if it played a substantial part in bringing about the harm. In addition, the harm must be either a direct result or a reasonably probable consequence of the act or failure to act.

In considering the amount of damages, you may award damages for certain economic losses and non-economic loss. That is, you may award Ms. Buie damages for out-of-pocket expenses that can be determined or quantified, including medical expenses, that she incurred, or future pecuniary losses that she has shown it is probable she will incur, as a result of the discriminatory conduct. And you may award her damages for any emotional harm, mental anguish, embarrassment, humiliation, pain and suffering, or loss of enjoyment of life that she has shown that she endured as a result of the defendant's denial of a reasonable accommodation. You may not,

however, award damages for any amount of wages or benefits that plaintiff may have earned, either in the past or the future, if she had continued her employment with the EEOC in Washington, D.C; that is a question for the Court to decide. And, you may not award plaintiff damages to punish the defendant; nor may you consider or include whether there was any cost to the plaintiff for hiring an attorney.

Also, you are instructed that plaintiff must prove the amount of her damages with reasonable certainty. You may only award damages for past or future injury that is not speculative. Speculative damages are those that might be possible but are remote or based on guesswork. Ms. Buie does not have to prove her exact damages, however. She does not have to introduce evidence of the monetary value of non-economic harm such as emotional distress; that is for the jury to decide. You may award her damages that are based on a just and reasonable estimate derived from relevant evidence.

You should not consider the fact that I am giving you a damages instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or whether I think that you should award any damages if you decide plaintiff is entitled to your verdict. Those decisions are entirely for you to make, with these instructions as your guide.

## DELIBERATIONS

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous – that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict. You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions. However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts. You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

During the trial, I have permitted those jurors who wanted to take notes to do so. You may take your notes with you to the jury room and use them during your deliberations if you wish.   At the end of your deliberations, please give your notebooks to the foreperson. The Clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give me your notes when the verdict is returned. I will destroy your notes immediately after the trial and no one, including myself, will look at them.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

It may not be useful for a juror, at the start of deliberations, to announce a determination to stand for a particular verdict. When a juror announces a firm position at the outset, the juror may hesitate to back away after discussion with other jurors.

Furthermore, many juries find it useful to avoid a vote at the very beginning of deliberations. Calmly reviewing and discussing the case is often a more useful way to begin.  Remember that you are not partisans or advocates, but judges of the facts.

I will be sending into the jury room with you the exhibits that have been admitted in this case.  You may examine any or all of them as you consider your verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, or seek information from or provide information through the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website; any other Internet based service or app such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot communicate with anyone about this case until I discharge the jury. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use electronic means to investigate, research or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen

and heard the same evidence as you, and you may only deliberate based on evidence that I have allowed to be admitted at trial. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not by your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. If a juror violates these restrictions, it could cause a mistrial, which would require the entire trial process to start over.

If it becomes necessary during your deliberations to communicate with me, you may send a note, signed by your foreperson or by one or more members of the jury. If you have a note, the foreperson should knock on the courtroom door, and the clerk will get the note and give it to me.  Bear in mind also that you are never, under any circumstances, to reveal to any person – not the Court Security Office, my Courtroom Deputy, or me – how jurors are voting until you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury may be divided on any matter-for example, 8-1 or 4-5, or in any other fashion-what the vote is on any issue in the case. In other words, never give any indication of where you are in your deliberations in terms of any split or where you are on particular issues.

You will be provided with a Verdict Form for you to use to record your verdict in this case. You will take this form to the jury room. When you have reached unanimous agreement on your verdict on each claim, your foreperson will write the answers of the jury in the spaces provided on the Verdict Form, fill in the date and sign the form.

If today you have not arrived at a verdict, I may bring you into Court, give you some instructions and send you home, to return tomorrow or the next business day to resume your deliberations. I may also excuse at the end of the day without having you return to the courtroom. You may also notify the Court that you wish to continue your deliberations.

When you have reached your verdict and filled out the verdict form, send me a note – signed by the foreperson – telling me you have reached your verdict. Do not tell me in the note what your verdict is.  I will then call you into the courtroom and ask the foreperson for the verdict form and for your verdict.


Thank you.  You may now retire to begin your deliberations.